UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Bettye Garlovsky, <br><br> Plaintiff, <br><br> v. <br><br> United States of America, <br><br> Defendant. | Case No. 15-cv-6637 <br><br> Judge John Robert Blakey |

### MEMORANDUM OPINION AND ORDER

Plaintiff Bettye Garlovsky ("Plaintiff") made a partial payment to the Internal Revenue Service pursuant to a tax penalty assessed against her late husband, Hillard Garlovsky ("Hillard"). Plaintiff contemporaneously requested a refund of her partial payment. Plaintiff's refund request was denied, and she filed suit. Pursuant to her Amended Complaint [28], Plaintiff seeks: (1) damages pursuant to 26 U.S.C. § 7433; (2) a refund of taxes erroneously paid pursuant to 26 U.S.C. § 7422; (3) a declaratory judgment; and (4) costs and expenses pursuant to 26 U.S.C. § 7430. Defendant moved to dismiss all counts for lack of jurisdiction under Rule 12(b)(1) [29]. That motion is granted in part and denied in part.

### I. Background[1]

26 U.S.C. § 6672(a) authorizes the Internal Revenue Service ("IRS") to collect a penalty from a "person" who acted "willfully" in causing a controlled company to fail to pay certain taxes. Pursuant to that provision, the IRS began an effort to

---

[1] The Background section is based upon the well-pleaded factual allegations of the Amended Complaint [28] and the related documents properly before this Court.

1

collect a Trust Fund Recovery Penalty on February 21, 2014, by sending a letter to Hillard, Plaintiff's deceased husband. Am. Compl. [28] ¶ 11. Specifically, the IRS asserted that Hillard was responsible for the penalty arising from Lakeview Nursing and Rehabilitation's ("Lakeview") failure to pay withheld employment taxes for June 30, 2010, September 30, 2010, December 31, 2010, and March 31, 2011. *Id.* ¶ 2.

Plaintiff submitted a protest letter accompanied by a memorandum of law to the IRS on April 21, 2014, arguing Hillard was neither a responsible person nor a willful actor under 26 U.S.C. § 6672. *Id.* ¶12. According to Plaintiff, an IRS agent then demanded that Plaintiff complete a Form 56, "Notice Concerning Fiduciary Relationship," which requires the putative fiduciary to state the nature of their relationship to the assessed party. *Id.* ¶¶ 13-15. Plaintiff initially informed the IRS agent she was not a fiduciary to Hillard; however, she eventually reported that she was in receipt of Hillard's property and submitted a Form 56 to the IRS. *Id.* ¶¶ 14-16.

In February and November of 2014, the IRS sent collection letters to Hillard, "in care of" Plaintiff. [33] Ex. 1A, 1B. The letters sent to Plaintiff's residence identified Hillard, not Plaintiff, as the assessed taxpayer. [33] at 1-3. On December 19, 2014, Plaintiff partially paid the penalty assessed against Hillard by submitting a check in the amount of $1,000 to the IRS, and concurrently filed a request to have that amount refunded. Am. Compl. [28] ¶ 18. On May 26, 2015, the IRS denied Plaintiff's request for a refund. *Id.* ¶ 19.

Plaintiff filed her Amended Complaint in this matter on April 4, 2016. Plaintiff states that IRS agents ignored her attempt to explain that she was not Hillard's fiduciary and continued to demand payment from her. *Id.* ¶¶ 46-47. Plaintiff, in Count I, asserts that the IRS agents' conduct was reckless, such that she is entitled to damages pursuant to 26 U.S.C. § 7433, which creates a civil action against the United States when any officer or employee of the IRS negligently, recklessly, or intentionally disregards any provision of the Internal Revenue Code ("IRC"). *Id.* ¶¶ 48-49.

Count II of Plaintiff's Amended Complaint alleges that the collection of $1,000 by the IRS was erroneous and illegal, such that Plaintiff's partial payment should be refunded pursuant to 26 U.S.C. § 7422. *Id.* ¶ 58. Additionally, Plaintiff asserts that Hillard was not a responsible person within the meaning of 26 U.S.C. § 6672 and is accordingly not liable for Lakeview's withholding taxes during the Penalty Period. *Id.* ¶ 55.

Plaintiff's third cause of action requests a declaratory judgment. According to Plaintiff, the IRS indicated in February of 2014 that Lakeview owed an additional $918,677.23 and refused to release Plaintiff from any future obligation to pay the remainder of the outstanding taxes. *Id.* ¶¶ 60-61. Plaintiff claims any assessment of the penalty against her for any part of the additional $918,677.23 would be erroneous and illegal. *Id.* ¶ 62.

In Count IV, Plaintiff alleges that she is entitled to reasonable litigation costs and attorneys' fees, pursuant to 26 U.S.C. § 7430. *Id.* ¶ 66. Plaintiff reasons that

3

the assessment of penalties under 26 U.S.C. § 6672 was not substantially justified since Plaintiff produced to the IRS factual and legal support for her position that Hillard did not willfully cause Lakeview's failure to pay withholding taxes for the penalty period. *Id.* ¶ 65.

Defendant now seeks to dismiss all four counts for lack of subject matter jurisdiction. As explained below, that motion is granted in part and denied in part.

## II. Legal Standard

When reviewing a motion to dismiss for lack of subject matter jurisdiction, the Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw all reasonable inferences in her favor. *Long v. Shorebank Dev't Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

Plaintiff bears the burden of establishing that the Court's jurisdictional requirements have been met. *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014). Once her jurisdictional allegations are challenged, Plaintiff must support those allegations by competent proof. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942). For a Rule 12(b)(1) motion, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (internal quotation omitted).

## III. Analysis

Defendant's motion to dismiss is grounded in the general proposition that the United States may not be sued without its consent, pursuant to the doctrine of

sovereign immunity. *U.S. Dept. of Energy v. Ohio*, 503 U.S. 607, 615 (1992). The government may waive its sovereign immunity, but such waiver must be unequivocally expressed. *Kuznitsky v. United States*, 17 F.3d 1029, 1031 (7th Cir. 1994). In addition, the government has the power to attach conditions to its consent to be sued. *Id*. The Court will consider each of Plaintiff's claims in light of these general principles.

### A. Count I - Damages

In order to sue the United States for damages, Plaintiff must demonstrate that her claim falls within an operative waiver of sovereign immunity and that she has exhausted her administrative remedies. Plaintiff's damages claim fails, as explained below.

#### 1. Plaintiff Is Ostensibly Outside The Purview Of § 7433

As mentioned *supra*, Plaintiff's damages claim is governed by 26 U.S.C. § 7433(a), which provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, *such taxpayer* may bring a civil action for damages against the United States in a district court of the United States.

In other words, "plaintiffs may sue IRS employees that subjected them to improper collection efforts. However, the plain language limits relief to *such taxpayers* that were subjected to the wrongful activity; the Code does not permit recovery by third parties harmed by the activity." *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013) (emphasis added).

5

The plaintiff in *Gessert* insisted that he had standing to bring a claim for damages pursuant to 26 U.S.C. § 7433(a) because he was a "taxpayer" pursuant to the IRC's general definition. *Id.* at 1033; *see also* 26 U.S.C. § 7701(1)(14) ("The term 'taxpayer' means any person subject to any internal revenue tax."). The Seventh Circuit, however, disagreed and ruled that the IRC's general definition was inapplicable in light of 26 U.S.C. § 7433(a)'s more specific standard. *Id.* The particular language of 26 U.S.C. § 7433(a) states that "*such taxpayer* may bring a civil action for damages." 26 U.S.C. § 7433(a) (emphasis added). The Court held that the term "such" limits the broader term "taxpayer" to include "only those taxpayers subjected to the improper collection activities." *Id.* The Seventh Circuit then observed that the record did not reflect any collection efforts directed at Gessert personally, and because "the IRS never sought to collect Gessert's recovery penalty, he is not 'such' a taxpayer." *Id.* (internal citation omitted). Thus, under binding Seventh Circuit precedent, a citizen can only sue the United States for damages pursuant to 26 U.S.C. § 7433(a) if that same citizen was the target of the improper collection activities.

Here, as in *Gessert*, the IRS apparently did not try to collect from Plaintiff personally. The Government only sent letters to Hillard, "in care of" Plaintiff. [33] Ex. 1A. The letters sent to Plaintiff's residence also listed Hillard, not Plaintiff, as the assessed taxpayer. [33] at 1-3. The Court, however, need not reach an ultimate conclusion as to whether Plaintiff was, in fact, the target of improper collection

activities, because she failed in any event to exhaust the applicable administrative remedies.

### 2. Plaintiff Did Not Exhaust Her Administrative Remedies Related To Her Damages Claim

Even if Plaintiff qualified as "such taxpayer" under 26 U.S.C. § 7433(a), her claim for damages would still fail. 26 U.S.C. § 7433(d)(1) states that a taxpayer must exhaust all administrative remedies with the IRS prior to bringing suit in district court. Similarly, pursuant to Treas. Reg. § 301.7433-1(d), a taxpayer must file an administrative claim for damages with the IRS prior to filing a suit for damages. The administrative claim must enumerate: (1) the grounds for the claim; (2) a description of injury incurred; and (3) the dollar amount of the claim. *Id.* at § 301.7433-1(e).

Case law in this circuit supports the strict imposition of these requirements. In *Gray v. United States*, the Seventh Circuit concluded that 26 U.S.C. § 7433(d)(1) can reasonably be interpreted to require exhaustion of administrative remedies before a suit is filed. 723 F.3d 795, 802 (7th Cir. 2013). The plaintiff in that case "did not comply with the straightforward IRS regulation that adopted this view." *Id.* at 802. Instead, plaintiff "went directly to federal court and waited nearly six more months before presenting . . . her claims for damages to the IRS." *Id.* The court held that the plaintiff could not maintain her lawsuit because she did not properly exhaust her administrative remedies by filing a claim for damages with the IRS before suing in federal court. *Id.*

Thus, under both binding precedent and the applicable statutes and regulations, Plaintiff must exhaust her administrative remedies related to her damages claim before filing the same in this Court. Plaintiff's only allegation on this score is her conclusory statement that she "exhausted all available administrative remedies." Am. Compl. [28] ¶ 6. This statement is insufficient to carry her burden at this stage, particularly when contrasted with her specific allegation that she filed a claim for a refund of the $1,000 she voluntarily paid. *Id.* Moreover, the trial attorney from the United States Department of Justice assigned to this case has certified that Plaintiff did not file a claim for damages with the IRS. [29] Ex. 2; *see also Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) ("When considering a Rule 12(b)(1) motion, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.") (internal quotation omitted).

### 3. Plaintiff's Damages Claim Is Not Saved By Her Equitable Estoppel Argument

Plaintiff argues that even if she technically lacks standing to pursue her claim for damages, the government should be equitably estopped from invoking that same defense. More specifically, Plaintiff suggests that the government is equitably estopped from invoking a standing defense because IRS personnel informed her that she was required to file suit in district court. Plaintiff's argument distorts the record and is rejected.

8

The traditional elements of equitable estoppel are: "(1) misrepresentation by the party against whom estoppel is asserted; (2) reasonable reliance on that misrepresentation by the party asserting estoppel; and (3) detriment to the party asserting estoppel." *LaBonte v. United States*, 233 F.3d 1049, 1053 (7th Cir. 2000). In suits where the government is a defendant, a plaintiff seeking to invoke equitable estoppel must also establish affirmative misconduct on the part of the government. *Id.* Affirmative misconduct is "more than mere negligence . . . It requires an affirmative act to misrepresent or mislead." *Id.* (citing *Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000)). This standard is consistent with the general rule that "those who deal with the Government are expected to know the law and may not rely on the conduct of Government agents contrary to law." *Heckler v. Comm. Health Services of Crawford County, Inc.*, 467 U.S. 51, 63 (1984).

The IRS did not affirmatively misrepresent or mislead Plaintiff. The IRS merely told Plaintiff that filing a claim in district court was one of her "options," per the correspondence before the Court. [33] Ex. 1b. Such innocuous conduct fails to justify Plaintiff's request to impose equitable estoppel against the government.

At bottom, Plaintiff is not "such" a taxpayer for the purposes of § 7433(a), and, in either case, she did not exhaust her administrative remedies by filing a claim for damages. The government is also not equitably estopped from raising its standing defense. Accordingly, Defendant's motion to dismiss is granted as to Count I.

### B. Count II - Refund of Taxes

Here again, in order to sue the United States for a refund, Plaintiff must prove that: (1) she falls within the scope of the applicable waiver of sovereign immunity; and (2) she has exhausted her administrative remedies. *United States v. Williams*, 514 U.S. 527, 533 (1995). As more fully explained below, Plaintiff's refund claim meets both requirements.

#### 1. Plaintiff Falls Within The Purview Of § 7422

The waiver of sovereign immunity which allows Plaintiff to bring her refund claim provides that:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . *Any* civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or *collected*, or any penalty claimed to have been *collected* without authority or any sum alleged to have been excessive or in any manner wrongfully *collected* under the internal-revenue laws.

28 U.S.C. § 1346(a)(1) (emphasis added). This general maxim is cabined by the particular provision governing taxpayer refunds, which stipulates that:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority . . . until a claim for refund or credit has been *duly filed* with the Secretary . . . .

26 U.S.C. § 7422(a) (emphasis added).

The government argues that Plaintiff lacks standing to bring a claim under § 1346 and § 7422, because: (1) the United States has only waived sovereign

immunity for those suits in which a claim has already been "duly filed" (*id.*); (2) in order to be "duly filed" the claim must be filed "by the taxpayer" (Treas. Reg. 301.6402-2(a)(1)); and (3) Plaintiff is not a "taxpayer." [29] at 1-5. Defendant's formalistic approach fails, because Plaintiff is clearly a "taxpayer" for the purposes of her refund claim.

The "Definitions" section of the IRC provides that the "term 'taxpayer' means any person subject to any internal revenue tax." 26 U.S.C. § 7701(1)(14). Under binding Supreme Court precedent, this definition applies to Plaintiff's refund claim and remains sufficiently broad to capture Plaintiff herself. In *United States v. Williams*, the Supreme Court was asked to determine whether the plaintiff, who paid a tax under protest to remove a lien on her property, had standing to bring a refund action, even though the tax she paid was originally assessed against a third party. 514 U.S. 527, 529 (2005). The government argued that plaintiff lacked standing, as the IRC's general definition of taxpayer only captured the persons against whom the tax was actually assessed. *Id.* at 533.

The Supreme Court disagreed, explaining that the term "taxpayer," as defined in § 7701(a)(14), is broad enough to include a person who pays a tax assessed against another. *Id.* at 540. Ultimately, *Williams* stands for the fair-minded proposition that the party who *pays* a tax (even if they were not *assessed* that same tax) may bring an action against the federal government for a refund, particularly where that same party would otherwise be left without recourse. 514 U.S. at 527. In so ruling, the Court explicitly identified a "preference for common-

sense inquiries over formalism." *Id.* at 536. The Court's ruling today comports with that preference. Plaintiff is a taxpayer for the purposes under § 7701(a)(14) because she paid the tax at issue, and she is accordingly eligible to pursue a refund claim pursuant to § 1346 and § 7422.

*EC Term of Years Trust v. United States*, 550 U.S. 429 (2007) fails to warrant a contrary result. The plaintiff in that case sued to challenge the IRS's levy on the plaintiff's trust to collect taxes owed by a third party. *Id.* at 530. Plaintiff's suit, as a claim based upon a wrongful levy, was specifically authorized by a particular provision of the IRC (26 U.S.C. § 7426(a)(1)), but the statute of limitations had run for any claims pursuant to that specific provision. *Id.* at 435. Plaintiff accordingly attempted to sue under the generalized tax refund procedure of § 1346, which had a longer limitations period. *Id.* The Supreme Court unanimously rejected that effort. *Id.* In the course of distinguishing *Williams*, the Court in *EC Term of Years Trust* underscored the former decision's continuing vitality. The Court explained that *Williams* was properly animated by the recognition "that no other remedy . . . was open to the plaintiff in that case." *Id.* at 430 (citing *Williams*, 514 U.S. at 536-38). Conversely, the plaintiff in *EC Term of Years Trust* could have made a claim pursuant to the specific provision governing claims based upon wrongful levies, had it not allowed the statute of limitations period to run.

This Court's conclusion also remains consistent with the revisions to the IRC enacted after *Williams*. These revisions, found at 26 U.S.C. §§ 6325 and 7426, provide a remedy to taxpayers when a third party's property is wrongfully levied.

12

While these revisions provide clarity for plaintiffs in factual contexts analogous to the situation in *Williams*, multiple courts have acknowledged that they did not disturb *Williams*'s central insight.

For example, in *Rothkamm v. United States*, a wife whose bank account was levied as a result of her husband's tax liability brought an action against the IRS for wrongful levy. 802 F.3d 699 (5th Cir. 2015). The Fifth Circuit held that under *Williams*, the question of whether the wife had standing as a "taxpayer" was governed by the IRC's default definition. *Id.* at 714. Under *Williams*, the wife qualified as a taxpayer pursuant to that same definition. *Id.* According to the court, *Williams* "defined 'taxpayer' broadly under § 7701(a)(14) to include not only the assessed taxpayer but also a person who actually pays the tax, and *EC Term of Years Trust* did nothing to alter that definition." *Id.* at 707. And while Congress has revised different sections of the IRC since *Williams*, "Congress did not revise § 7701(a)(14), so the Supreme Court's interpretation stands." *Id.* at 705.

Federal district courts have similarly affirmed *Williams*'s central insight. In *Streeter v. United States*, a taxpayer brought an action seeking the refund of a sum paid to remove a lien filed by the IRS over her property pursuant to her ex-husband's tax debt. 150 F. Supp. 3d 82 (D. Mass. 2015), *appeal dismissed*, No. 16-1148 (1st Cir. Mar. 8, 2016). Streeter alleged the court had jurisdiction over her claims pursuant to § 1346 and §7422, because she would have otherwise been precluded from seeking relief. *Id.* at 86. The court agreed with Streeter, holding that because "the Supreme Court has not overturned its holding in *Williams*

13

following the 1998 amendments to the Internal Revenue Code, Sections 1346(a)(1) and 7422(a) confer subject matter jurisdiction and waive sovereign immunity for a refund suit brought by a third party who is otherwise left without a remedy." *Id.* at 90.

The logic of these decisions compel a similar result here. As a practical matter, Plaintiff has only one possible avenue to seek her refund; namely, § 1346(a)(1) and § 7422. The government nevertheless insists that these options are foreclosed, because she is not a "taxpayer" within the meaning of the IRC. The government's argument defies the IRC's text, Supreme Court precedent, and common sense. The word "taxpayer" means "not only the person against whom a tax is assessed, but also the person who actually pays the tax." *Rothkamm*, 802 F.3d at 706. This definition applies throughout the Internal Revenue Code "where not otherwise distinctly expressed or manifestly incompatible with the intent thereof." *Id.* (quoting 26 U.S.C. § 7701(a)). Nowhere in § 7422 did Congress "specifically express" a definition of "taxpayer" more narrow than the one provided in § 7701(a)(14). *Compare id.* at 707 (noting that 26 U.S.C. § 7803 did not provide a more limited definition of taxpayer) *with* 26 U.S.C. § 7433(a) ("*such taxpayer* may bring a civil action for damages") (emphasis added). This interpretation is particularly appropriate in light of the fact that Plaintiff here would be unjustly left without a remedy if she could not bring her refund claim under § 1346 and § 7422.

### 2. Plaintiff Also Exhausted Her Administrative Remedies Related To Her Refund Request

It is "undisputed that § 7422 requires administrative exhaustion [by the putative taxpayer]." *United States v. Williams*, 514 U.S. 527, 533 (1995). It is similarly undisputed that Plaintiff filed a claim for a refund which was rejected, so she appropriately exhausted her administrative remedies. [25] at 3.

In short, Plaintiff's refund claim falls within the waiver of sovereign immunity found in § 1346 and § 7422, and Plaintiff exhausted her administrative remedies related to her refund claim. Accordingly, Defendant's motion to dismiss is denied as to Count II.

### C. Count III - Declaratory Judgment

Plaintiff's request for declaratory judgment is inconsistent with the plain text of the Declaratory Judgment Act, 28 U.S.C. § 2201. By its own terms, "the Declaratory Judgment Act bars relief 'with respect to federal taxes.'" *Gessert v. United States*, 703 F.3d 1028, 1037 (7th Cir. 2013) (quoting 28 U.S.C. § 2201)).

Courts have repeatedly refused to craft exceptions to this clear textual admonition. For example, in *United States v. Zanfei*, the court held that even if it would serve efficiency interests for the court to issue a declaratory judgment regarding the pending tax dispute, the Declaratory Judgment Act specifically prohibited it from doing so. 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005) ("Even if this Court wished to exercise its discretion to issue a declaratory judgment in this situation, it would be specifically prohibited from doing so . . ."); *see also Bob Jones Univ. v. Simon,* 416 U.S. 725, 737 (1974) (noting that the "congressional antipathy

15

for premature interference with the assessment or collection of any federal tax also extends to declaratory judgments").

This Court is similarly bound by the text of the Declaratory Judgment Act. Defendant's motion to dismiss is granted as to Count III.

### D. Count IV - Costs and Expenses

Plaintiff's claim for costs and expenses is made pursuant to 26 U.S.C. § 7430(a), which provides that:

> In any . . . court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for . . . reasonable litigation costs incurred in connection with such court proceeding.

The statute goes on to define a "prevailing party" as one:

> (i) which—
>
> > (I) has substantially prevailed with respect to the amount in controversy, or
>
> > (II) has substantially prevailed with respect to the most significant issue or set of issues presented, and
>
> (ii) which meets the requirements of the 1st sentence of section 2412(d)(1)(B) of Title 28, United States Code (as in effect on October 22, 1986) except to the extent differing procedures are established by rule of court and meets the requirements of section 2412(d)(2)(B) of such Title 28 (as so in effect).

*Id.* at § 7430(c)(4). Moreover, no costs may be awarded "in any court proceeding unless the court determines that the prevailing party has exhausted the administrative remedies available to such party within the Internal Revenue

Service." *Id.* at § 7430(b)(1); *see also Culina v. United States*, No. 12-cv-3696, 2013 WL 6987610, at *1 (N.D. Ill. Nov. 1, 2013) ("Taxpayers may recover litigation costs under § 7430 if they exhaust all administrative remedies available to them; do not unreasonably protract the proceeding; prevail in the litigation; and demonstrate that their litigation costs are reasonable.") (internal quotations omitted).

Defendant has not made a specific argument regarding its request to dismiss Count IV; instead, Defendant implicitly suggests that Count IV should fall pursuant to an eventual determination that this Court lacks jurisdiction over Counts I-III. However, Plaintiff's Count II survives the Court's ruling today. Accordingly, Defendant's motion to dismiss is denied without prejudice with respect to Count IV.

## IV. Conclusion

Defendant's motion to dismiss [29] is denied with respect to Count II. Defendant's motion to dismiss is granted with respect to Counts I and III. Defendant's motion to dismiss is denied without prejudice with respect to Count IV.

Dated: September 26, 2016　　　　　　　　Entered:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　John Robert Blakey
　　　　　　　　　　　　　　　　　　　　United States District Judge